IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CRAMER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JEANNE WOODFORD, et al.,<br><br>　　　　Defendants<br>_____ | No. C 04-4707 MMC (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

　　　Plaintiff, an inmate at Pelican Bay State Prison ("PBSP") proceeding pro se, filed the above-titled civil rights complaint pursuant to 42 U.S.C. § 1983. By separate order filed concurrently herewith, he has been granted leave to proceed in forma pauperis.

　　　In the instant complaint, plaintiff claims that PBSP officials violated his constitutional rights when, in 1996, they "validated" him as a gang member and placed him in administrative segregation for an indefinite period. Plaintiff challenged these actions in a case filed a number of years ago in this district, Cramer v. Gomez, et al., No. C 97-4510 MMC (PR). In that case, plaintiff's claims were found to be without merit, and summary judgment was granted in favor of the defendants. The claims alleged in the instant complaint are, in the main, the same claims as were raised in plaintiff's previous action. A complaint that merely repeats pending or previously litigated claims is frivolous and may be dismissed sua sponte. See Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988). A complaint brought in forma pauperis and repeating the same factual allegations

1  asserted in an earlier case, even if new defendants are added, is subject to dismissal as
2  duplicative. Id.; Van Meter v. Morgan, 518 F.2d 366, 368 (8th Cir. 1975). Moreover, under
3  the doctrine of res judicata, the judgment in plaintiff's earlier-filed case precludes him from
4  challenging, even on a new legal theory, the gang validation and placement in administrative
5  segregation he challenged in that earlier case. See Montana v. United States, 440 U.S. 147,
6  153 (1979); C.D. Anderson & Co., Inc. v. Lemos, 832 F.2d 1097, 1100 (9th Cir. 1987);
7  McClain v. Apodaca, 793 F.2d 1031, 1033-34 (9th Cir. 1986).

8        The new allegations in plaintiff's complaint concern the processing of his
9  administrative grievances, and his continued placement in administrative segregation since
10 1996. The alleged failure to properly process administrative grievances does not state a
11 cognizable claim under 42 U.S.C. § 1983, because there is no constitutional right to a prison
12 administrative appeal or grievance system. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.
13 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Buckley v. Barlow, 997
14 F.2d 494, 495 (8th Cir. 1993). Plaintiff's claim that his retention in administrative
15 segregation since 1996 violates his Eighth Amendment right to be free from cruel and unusual
16 punishment also fails. "[T]he transfer of an inmate to less amenable and more restrictive
17 quarters for nonpunitive reasons is well within the terms of confinement ordinarily
18 contemplated by a prison sentence." Hewitt v. Helms, 459 U.S. 460, 468 (1983). An
19 indeterminate sentence in administrative segregation, without more, does not constitute cruel
20 and unusual punishment in violation of the Eighth Amendment. Anderson v. County of Kern,
21 45 F.3d 1310, 1315-16 (9th Cir. 1995); see also Toussaint v. Yockey, 722 F.2d 1490, 1494
22 n.6 (9th Cir. 1984) (holding usual hardships associated with administrative segregation
23 insufficient to state Eighth Amendment claim).

24       Finally, plaintiff appears to be claiming that prison officials have not provided him with
25 all of the procedural protections to which he is entitled in connection with the periodic
26 hearings at which prison officials have considered whether to continue to house him in
27 administrative segregation. In granting defendants' motion for summary judgment in plaintiff's
28 prior case, the Court found prison officials had not deprived him of due process in connection

with periodic review hearings.  It is not clear from the instant complaint whether plaintiff is challenging the same hearings that he unsuccessfully challenged in his prior case, or whether since such time there have been additional hearings that he wishes to challenge.  To the extent plaintiff raises claims concerning matters occurring after his prior case, the claims are neither duplicative nor barred by res judicata.  Accordingly, the Court hereby DISMISSES, WITH LEAVE TO AMEND, plaintiff's claims that he was deprived of his right to due process at hearings in which his placement in administrative segregation was reviewed.

Within **thirty (30) days** of the date this order is filed, plaintiff may file an AMENDED COMPLAINT in which plaintiff clearly sets forth when the hearings of which he complains took place.  The amended complaint shall include in the caption both the case number of this action (No. C 04-4707 MMC (PR)), and the phrase "AMENDED COMPLAINT."  **The amended complaint supersedes the initial complaint and may not incorporate by reference any parts of the original complaint; plaintiff must include in the amended complaint all the allegations and claims he wishes to present.  If plaintiff fails to timely file an amended complaint in conformity with this order that cures the deficiencies noted, the complaint will be dismissed.**

For the reasons described above, the remainder of plaintiff's claims are DISMISSED for failure to state a cognizable claim for relief.

It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

IT IS SO ORDERED.

DATED:   December 7, 2005

_____
MAXINE M. CHESNEY
United States District Judge